*Elliott v. Avangrid Mgmt. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOSEPH F. BIANCO,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

RONITA ELLIOTT,

*Plaintiff-Appellant*,

v.                                                          25-2102

AVANGRID MANAGEMENT COMPANY,

*Defendant-Appellee.**

_____

| | |
|---|---|
| For Plaintiff-Appellant: | THOMAS W. BUCCI, Willinger, Willinger & Bucci, P.C., Shelton, CT. |
| For Defendant-Appellee: | MAURA A. MASTRONY (Emily A. Zaklukiewicz, *on the brief*), Littler Mendelson, P.C., New Haven, CT. |

---

* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ronita Elliott ("Elliott") appeals from an August 14, 2025 judgment of the District Court for the District of Connecticut (Bolden, *J.*), granting summary judgment for Defendant-Appellee Avangrid Management Company ("Avangrid"). Elliott sued her employer, Avangrid, asserting age discrimination and retaliation claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, and Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60. Upon consideration of Avangrid's motion for summary judgment, the district court granted summary judgment to Avangrid on all claims except for the CFEPA claims, over which it declined to exercise supplemental jurisdiction, having dismissed all federal claims. On appeal, Elliott challenges the dismissal of her federal claims. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

\* \* \*

We review a district court's grant of summary judgment *de novo*. *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000). "Summary judgment is proper if, viewing all facts of record in a light most favorable to the non-moving party, no genuine issue of material fact remains for adjudication." *Samuels v. Mockry*, 77 F.3d 34, 35 (2d Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986)). Under the ADEA, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment,

2

because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA protects employees who are at least forty years of age. *Id.* § 631(a). "Discrimination claims under . . . the ADEA . . . are analyzed under the *McDonnell Douglas* burden-shifting framework." *Carr v. N.Y.C. Transit Auth.*, 76 F.4th 172, 177 (2d Cir. 2023). "Under *McDonnell Douglas*, a plaintiff bears the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination; it is then the defendant's burden to proffer a legitimate non-discriminatory reason for its actions; the final and ultimate burden is on the plaintiff to establish that the defendant's reason is in fact pretext for unlawful discrimination." *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 251 (2d Cir. 2014). "'[A] plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action' and not just a contributing or motivating factor." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)).

## I. ADEA Discrimination: Failure to Promote

In order to establish a *prima facie* case for discriminatory failure to promote, the plaintiff must allege that: "(1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709 (2d Cir. 1998) (citation modified). Our Court generally "require[s] a plaintiff to allege that she or he applied for a specific position or positions and was rejected therefrom, rather than merely asserting that on several occasions she or he generally requested promotion." *Id.* at 710. However, "a plaintiff's failure to apply for a position is not a bar to relief when an employer's discriminatory practices deter

application or make application a futile endeavor." *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1213 (2d Cir. 1993). This "narrow" exception requires the plaintiff to demonstrate that "(1) the vacancy at issue was not posted, and (2) the employee either had (a) no knowledge of the vacancy before it was filled or (b) attempted to apply for it through informal procedures endorsed by the employer." *Petrosino v. Bell Atl.*, 385 F.3d 210, 227 (2d Cir. 2004) (citation omitted).

**A. Positions to which Elliott Did Not Apply**

Elliott argues at the start that she was not required formally to apply for three positions— Senior Employee – Labor Relations Analyst; Manager – Talent Acquisition; and Manager – Employee and Labor Relations—in order to raise an ADEA claim as to Avangrid's failure to promote her into these positions because the hiring managers for these positions had previously informed her that she did not possess the requisite qualifications, rendering any application futile. We disagree.

First, Elliott has failed to show that the vacancies at issue were not posted. *See Petrosino*, 385 F.3d at 227. Instead, the record provided to the Court includes a vacancy posting for one of the disputed positions. Second, Elliott did not demonstrate that she lacked knowledge of the vacancy before it was filled. *See id.* Nor did she show that she attempted to apply for the position through informal procedures endorsed by her employer. *See id.* In addition, Elliott's futility argument rests on informal feedback that she received years earlier for different positions and from individuals who played no role in the hiring decisions for the three positions at issue. This Circuit rejects the futility exception where, as here, the alleged discourager played no role in filling the specific vacancy at issue. *Thelwell v. City of New York*, No. 13-CV-1260, 2015 WL 4545881, at *16 (S.D.N.Y. July 28, 2015), *aff'd*, 733 F. App'x 561 (2d Cir. 2018) (summary order). And even if the futility exception *did* apply, Elliott's claims were still properly dismissed,

4

as she produced no evidence that age played a role in Avangrid's decisions with respect to these positions.   *See Mauro v. S. New England Telecomms., Inc.*, 208 F.3d 384, 387-88 (2d Cir. 2000) (per curiam).

**B. Positions to which Elliott Applied**

For the eight positions within the statutory limitations period to which Elliott actually applied and was rejected, we discern no error in the district court's conclusion that these claims, too, are deficient at either the *prima facie* stage or the pretext stage of the *McDonnell Douglas* framework.[1]

**1.    *Prima Facie* Case**

Elliott has established two of the four elements of a *prima facie* case of age discrimination for the eight positions to which she applied.   *See Abrams*, 764 F.3d at 251-52.[2]   She belongs to a protected class since she is over forty years old and she has suffered eight adverse employment actions because she was not promoted.   Elliott has also demonstrated an issue of material fact as to whether she was qualified for each of the positions to which she applied.   *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 92 (2d Cir. 2001) (holding that "the qualification necessary to shift the burden to defendant for an explanation of the adverse job action is minimal; plaintiff must show only that [s]he possesses the basic skills necessary for the performance of the job" (citation modified)).

---

[1]    These positions include: Lead Analyst – Hardship Program Administrator; Manager-Operator Qualification; Analyst – DG; Senior Operator Qualification Analyst (2); Operator Qualification Analyst (2); and Lead Analyst – Financial Reporting.

[2]    To establish a *prima facie* case of discrimination, an employee must demonstrate that: (1) she "belonged to a protected class"; (2) she "was qualified for [her] position"; (3) she "suffered an adverse employment action"; and (4) "the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent."   *Abrams*, 764 F.3d at 251-52.

However, Elliott has not satisfied the fourth prong—that "the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent" for seven of the eight positions. *Abrams*, 764 F.3d at 251-52. To satisfy this prong, Elliott was "obliged to offer evidence indicating that persons who actually participated in the [adverse employment action] had . . . knowledge [of her age]." *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 87 (2d Cir. 2005). Elliott provided no such evidence as to these seven positions.[3] Here, the record demonstrates that the hiring manager for each of these positions stated that he or she did not know Elliott's age nor the ages of any of the alternative candidates. Additionally, a supplemental declaration from Avangrid's HR department confirms that no hiring manager had access to—and thus, could not have reviewed—personnel files containing applicants' birth dates. Although Elliott speculates that her personnel files and those of other candidates "indisputably contained age-related information," Appellant's Br. at 31, there is no evidence that hiring managers had access to those files. In such circumstances, Elliott's bare assertion cannot support an inference that the circumstances of her failed promotion indicate age discrimination. *See Woodman*, 411 F.3d at 87.

### 2. **Legitimate, Non Discriminatory Reason**

Even assuming, *arguendo*, that Elliott *had* established a *prima facie* case as to each position, moreover, all eight of her claims were still properly dismissed for failure to adduce evidence sufficient to support an inference of age discrimination at the pretext stage. For each of the eight positions, Avangrid articulated a legitimate, nondiscriminatory reason for its hiring

---

[3] However, for one role—the Lead Analyst – Financial Reporting role—Elliott was interviewed in-person by the hiring manager, supporting an inference at the *prima facie* stage that the hiring manager knew her age. *See Woodman*, 411 F.3d at 90.

decision: the successful candidate possessed qualifications materially superior to Elliott's, specifically including field experience, technical knowledge, and operational expertise that her background in HR did not supply. To defeat summary judgment in such circumstances, a plaintiff must produce evidence demonstrating that the employer's stated rationale is false *and* that discrimination is the real reason. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993). The burden "is one of production, not persuasion; it 'can involve no credibility determination.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 509). But Elliott failed to meet this burden for any of the eight positions. *See Holt v. KMI-Cont'l, Inc.*, 95 F.3d 123, 130 (2d Cir. 1996) (concluding that having superior qualifications is a legitimate, non-discriminatory reason).

## II.    ADEA Retaliation

The *McDonnell Douglas* burden-shifting framework also applies to retaliation claims under the ADEA. *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012). To establish a prima facie case of retaliation under the ADEA, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse action." *Id.* (citation modified).

At the start, Elliott cannot assert retaliation claims based on the Manager – Employee & Labor Relations and Manager – Talent Acquisition positions because she did not apply to either role. A plaintiff cannot pursue a retaliatory failure-to-promote claim where she has expressed no interest in the position and identifies no exception to the application requirement. *See Petrosino*, 385 F.3d at 227; *see, e.g.*, *Gupta v. N.Y.C. Sch. Constr. Auth.*, 305 F. App'x 687, 690 (2d Cir. 2008) (summary order) (concluding that plaintiff "cannot claim retaliation based on defendant's

failure to rehire him for a position to which he did not apply"). As set forth above, Elliott identifies no applicable exception here.

For the positions to which Elliott did apply, except for the Analyst – DG and Lead Analyst – Financial Reporting roles, Elliott cannot satisfy the causation element of her *prima facie* case. For each position except these two, Elliott has provided no evidence that each hiring manager for the challenged positions had actual knowledge of her complaints, or that any of their supervisors had knowledge and in turn, directed or encouraged them not to hire her. *See Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000).

As to the remaining two positions, the close temporal proximity between Elliott's May 2022 complaint and her non-selection for the Analyst – DG position (approximately four months later) and the Lead Analyst – Financial Reporting position (approximately eight months later) might support a minimal inference of causation. *See Summa v. Hofstra Univ.*, 708 F.3d 115, 129 (2d Cir. 2013) (concluding that seven-month gap between protected activity and adverse employment event was sufficient temporal proximity to raise an inference of causation). But summary judgment was still proper in these cases because Elliott failed to establish pretext or but-for causation.

With respect to the Analyst – DG role, the hiring manager declined to interview Elliott because her resume reflected none of the required qualifications, and the selected candidate possessed directly relevant experience and was the same age as Elliott. Elliott identified no evidence contradicting the hiring manager's explanation or suggesting any retaliatory motive. The undisputed fact that the hiring manager was unaware of Elliott's internal EthicsPoint complaints forecloses causation as a matter of law.

With respect to the Lead Analyst – Financial Reporting role, Elliott relies on email correspondence to argue retaliatory motive. But the communications on which she relies are entirely consistent with the hiring manager's qualifications-based rationale and contain no suggestion of retaliatory intent. Elliott identifies no shifting explanations, no age-related remarks, and no other indicia of pretext. *See Harding v. Wachovia Cap. Mkts., LLC*, 541 F. App'x 9, 12 (2d Cir. 2013) (summary order) ("In the absence of any supporting evidence, [the plaintiff] cannot demonstrate pretext by claiming deviation from normal practices."). In such circumstances, the district court correctly determined that this claim, too, was properly dismissed at the summary judgment stage.

*       *       *

We have considered Elliott's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9